IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**JOHNNY M. SMITH**,

        Plaintiff,

   v.

**MICHAEL J. ASTRUE,**
Commissioner of Social Security,

        Defendant.

Case No.: 3:11-cv-00012-ST

**OPINION AND ORDER**

TIM WILBORN
Wilborn Law Office, P.C.
PO Box 2768
Oregon City, OR 97045

    Of Attorneys for Plaintiff

S. AMANDA MARSHALL, United States Attorney
ADRIAN L. BROWN, Assistant United States Attorney
U.S. Attorney's Office
1000 SW Third Avenue, Suite 600
Portland, OR 97201-2902

GERALD J. HILL, Special Assistant United States Attorney
Office of the General Counsel
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, WA 98104-7075

    Of Attorneys for Defendant

**SIMON, District Judge**.

On March 20, 2011, Magistrate Judge Janice M. Stewart issued findings and recommendations ("F&R"), Dkt. 21, in the above captioned case and referred them to this court. Dkt. 22. Judge Stewart recommended that this court affirm the final decision of the Commissioner of Social Security denying Plaintiff Johnny M. Smith ("Mr. Smith") disability insurance benefits under Title II of the Social Security Act. F&R at 19. Mr. Smith filed objections to Judge Stewart's F&R. Dkt. 23. Defendant Michael J. Astrue, Commissioner of Social Security ("the Commissioner") filed responses. Dkt. 24.

Under the Federal Magistrates Act, the court may "accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." Federal Magistrates Act, 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate's findings and recommendations, "the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3). For those portions of an F&R to which neither party has objected, the Magistrates Act does not prescribe any standard of review: "There is no indication that Congress, in enacting [the Magistrates Act], intended to require a district judge to review a magistrate's report[.]" *Thomas v. Arn*, 474 U.S. 140, 152 (1985); *see also United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir.) (*en banc*), *cert. denied*, 540 U.S. 900 (2003) (the court must review *de novo* magistrate's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Magistrates Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the court review the magistrate's findings and

recommendations for "clear error on the face of the record." For the reasons discussed below, on *de novo* review, the court adopts in part and declines to adopt in part Magistrate Judge Stewarts's F&R. The decision of the Commissioner is reversed and the case is remanded for further proceedings consistent with the instructions herein.

## DISCUSSION

Mr. Smith makes four objections to Judge Stewart's F&R: (1) the F&R failed to apply Social Security Acquiescence Ruling 97-4(9); (2) the F&R improperly analyzed the ALJ's evaluation of several medical opinions; (3) the F&R improperly analyzed the ALJ's evaluation of the claimant's testimony; and (4) the F&R improperly analyzed step five of the sequential disability analysis. For the reasons explained below, the court rejects Mr. Smith's first, third, and fourth objections, but accepts part of his second objection.

**A.    Social Security Ruling 97-4(9)**

Mr. Smith has applied for Social Security disability insurance benefits ("DIB") twice. In 2006, in response to his first application, an ALJ issued a written decision concluding that Mr. Smith was disabled for a closed period beginning October 1, 2002 and ending December 31, 2005 (hereinafter the "2006 decision"). Tr. 67-76. In 2009, in response to his second application, an ALJ issued a decision concluding that Mr. Smith was not disabled (hereinafter "2009 decision"). Tr. 14-28. When a claimant brings a new claim, which follows a prior claim in which an ALJ determined that the claimant was disabled for a closed period, Social Security Acquiescence Ruling ("AR") 97-4(9) requires the ALJ to "give effect to certain findings . . . contained in the final decision by an ALJ or the Appeals Council on the prior claim, when adjudicating the subsequent claim." Mr. Smith contends that both the new ALJ and Judge Stewart fail to properly apply AR 97-4(9) in two ways.

First, Mr. Smith argues that the 2009 decision failed to include a finding made in the 2006 decision. In the 2006 decision, the ALJ quoted a letter from Mr. Smith's counsel that stated in part that Mr. Smith was precluded from "employment that involved even minimal contact with the public or co-workers." Pl.'s Obj. at 3 (citing 2006 decision, Tr. 74-75). Mr. Smith argues that the statement was a finding and, pursuant to AR 97-4(9), the subsequent ALJ was required to include it in the 2009 decision. The court does not agree. Judge Stewart correctly determined that the statement was not a finding but was, instead, "a description of the facts asserted by [Mr.] Smith in support of his claim for a closed period of disability."[1] F&R at 5-6.

Second, Mr. Smith also argues that the 2009 decision found that Mr. Smith has *moderate* limitations in social functioning, while the 2006 decision found that Mr. Smith had *marked* limitations in social functioning. Pl.'s Obj. at 5 (citing Tr. 20, 72). Mr. Smith contends that, pursuant to AR 97-4(9), the subsequent ALJ failed to give effect to the findings of the prior ALJ. AR 97-4(9), however, only requires the subsequent ALJ to give effect to the prior ALJ's findings if there is no "new and material evidence relating to such a finding." Here, the ALJ cited "new and relevant evidence relating" to Mr. Smith's social functioning: Mr. Smith's 2007 Adult Function Report and Mr. Smith's November 2009 hearing testimony. Tr. 20 (citing Tr. 40-41; 169-79). Mr. Smith's first objection is, therefore, denied.

B. **Medical Opinions**

  1. **Dr. Rinehart**

Mr. Smith argues that Judge Stewart erroneously accepted the ALJ's conclusion that Dr. Harry Rinehart's opinion was entitled to little weight. Pl.'s Obj. at 6-7. The ALJ discounted Dr.

---

[1] Mr. Smith also argues that the 2009 decision "does not mention the prior decision." Pl.'s Obj. at 4 (emphasis omitted). AR 97-4(9) does not require a subsequent ALJ to expressly acknowledge the findings of a prior ALJ, so long as the subsequent ALJ gives effect to the prior ALJ's findings that have not been altered by new and material evidence.

Page 4 – OPINION AND ORDER

Rinehart's opinion because the ALJ found that it "depart[s] substantially from the rest of the evidence in the record[.]" Tr. 25. Dr. Rinehart reached substantially different conclusions, Mr. Smith explains, because, unlike Dr. Rinehart's opinion, the "other [medical] opinions are related to [Mr. Smith's] workers' compensation claim." Pl.'s Obj. at 6. The court disagrees. Although worker's compensation determinations are not conclusive in Social Security cases, an ALJ may draw on medical opinions prepared for worker's compensation claims in order to assess whether a claimant is disabled under the Social Security sequential disability analysis. *Macri v. Chater*, 93 F.3d 540, 543-44 (9th Cir. 1996) (although the California worker's compensation guidelines "are not conclusive in a social security case, the ALJ is entitled to draw inferences logically flowing from the evidence" (internal quotation marks and citations omitted)). Accordingly, the court finds that Judge Stewart correctly evaluated the ALJ's findings with respect to Dr. Rinehart.[2]

### 2. Dr. Puziss

Mr. Smith next challenges Judge Stewart's finding that the ALJ made a harmless error when the ALJ failed to include functional limitations described by Dr. Paul Puziss in the hypothetical questions the ALJ posed to the vocational expert ("VE"). Pl.'s Obj. at 7-8. Dr. Puziss found that Mr. Smith had the functional capacity to perform light work, but stated that Mr. Smith "should not twist his back." Tr. 758. The ALJ noted Dr. Puziss's finding and gave it

---

[2] Mr. Smith also argues that "the differences between the amount of weight Dr. Rinehart opined Plaintiff could lift and the amount Plaintiff testified he could lift are explained by considering that Dr. Rinehart was addressing what Plaintiff could do over the course of a full work day, while Plaintiff's testimony addressed how much he could lift if he tried to do it only once or twice." Pl.'s Obj. at 6 (emphasis omitted). To support his argument, Mr. Smith cites his hearing transcript. Tr. 49-50. The hearing transcript does not, however, indicate that Mr. Smith qualified the amount he could lift to "once or twice" a day.

"significant weight." Tr. 25. Nonetheless, the ALJ failed to include the limitation that Mr. Smith should not twist his back in the hypothetical questions he posed to the VE. *See* Tr. 54-56.

An ALJ "must propose a hypothetical that is based on medical assumptions supported by substantial evidence in the record that reflects each of the claimant's limitations." *Osenbrock v. Apfel*, 240 F.3d 1157, 1163 (9th Cir. 2001); *see also Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 886 (9th Cir. 2006) ("an ALJ is not free to disregard properly supported limitations"). The ALJ accepted Dr. Puziss's limitation that Mr. Smith should not twist his back. As such, the ALJ erred by failing to include that limitation in the hypothetical questions posed to the VE.

The F&R noted the error but found that it was harmless. F&R at 11-12. To reach that finding, the F&R found that Mr. Smith had failed to meet his burden to show that the error was prejudicial because he had not cited any evidence indicating that the jobs proposed by the VE— housekeeping and production assembly— required twisting the back. *See* Tr. 55. According to the F&R, "Mr. Smith does not cite authority, such as the Dictionary of Occupational Titles ("DOT"), indicating that twisting the back is required in the two occupations identified by the VE, nor did he inquire about it during the VE's testimony. Accordingly, [Mr.] Smith's argument is based on conjecture that the two occupations could require twisting." F&R at 11. Mr. Smith objects that "[c]ommon sense dictates that housekeeper[s] must twist at the back" and the "same applies to assembly work." Pl.'s Obj. at 7.

Although the F&R is correct that the claimant "carries the burden of showing that prejudice resulted," a claimant is not required to cite authority or evidence to show prejudice. *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) (internal quotation marks and citation omitted).[3]

---

[3] *Sanders* involved a Veterans Administration claim, not a Social Security disability claim. The Ninth Circuit has held, however, that *Sanders* applies to Social Security cases as well as Veterans Administration cases. *McLeod v. Astrue*, 640 F.3d 881, 887 (9th Cir. 2011); *see also*

Page 6 – OPINION AND ORDER

To say "that the claimant has the 'burden' of showing that an error was harmful is not to impose . . . a particularly onerous requirement." *Id.* at 410. Often, the circumstances of a case will make it obvious that error was prejudicial. *Id.* Even when prejudice is not obvious, the claimant need not necessarily adduce evidence or testimony to prove that the error was harmful. Rather, the Supreme Court held that "the party seeking reversal normally must *explain* why the erroneous ruling caused harm." *Id.*(emphasis added). Moreover, the standard for harmless error is not conclusive proof of prejudice. Instead, remand is appropriate where "the circumstances of the case show a substantial likelihood of prejudice[.]" *McLeod v. Astrue*, 640 F.3d 881, 888 (9th Cir. 2011) (internal quotation marks and footnotes omitted).

Accordingly, Mr. Smith was not required to cite the DOT or produce testimony to prove that the ALJ's error was prejudicial. Rather, under *Sanders*, Mr. Smith could meet his burden to show prejudice by simply *explaining* why the ALJ's error was prejudicial. To that end, Mr. Smith argues that both housekeeping and assembly jobs could require an individual to twist his or her back in order to perform tasks such as sweeping, loading a dishwasher, or reaching for parts. Pl.'s Obj. at 7. Mr. Smith's explanation is persuasive.[4] Moreover, the medical evidence suggests that Mr. Smith's back problems are significant enough to warrant consideration by the VE. According to Dr. Puziss, Mr. Smith has "impairment of his lumbar motion" and "spinal

---

*Ludwig v. Astrue*, ___ F.3d ___, 2012 WL 1959245 *6 (9th Cir. June 1, 2012) (*McLeod* found that *Sanders* applies "fully" to Social Security cases).

[4] Mr. Smith also argues that the ALJ's "error should be presumed to be harmful unless the evidence shows it is harmless." Pl.'s Obj. at 8 (emphasis omitted). The court disagrees. *Sanders* and several recent Ninth Circuit cases have held that courts may not rely on presumptions of prejudice when evaluating whether error is harmless. 556 U.S. at 406-11; *see also McLeod*, 640 F.3d at 888 ("it is quite clear that no presumptions operate"); *Molina v. Astrue*, 674 F.3d 1104, 1115-20 (9th Cir. 2012) (rejecting argument that ALJ's failure to consider lay witness testimony should be presumed prejudicial); *Ludwig*, 2012 WL 1959245 *6 (prejudice must be decided in light of the circumstances of the case).

fusion" at one disc. Tr. 756. Dr. Puziss also noted that Mr. Smith has "degenerative disc disease . . . making him more susceptible to injury[.]" Tr. 757. In light of Mr. Smith's explanation and the available evidence, the court finds that the there is a substantial likelihood of prejudice and the ALJ's error was not harmless. As described below, on remand, the Commissioner should hold a new hearing and ask a VE a new hypothetical question that includes Dr. Puziss's limitation on twisting the back.

### 3. Dr. Richardson

Mr. Smith argues that the ALJ failed to address Dr. Rory Richardson's 2004 neuropsychological evaluation. Pl.'s Obj. at 8. Dr. Richardson evaluated Mr. Smith twice, first in 2004, and again in 2008. Tr. 212-230; 762-777. In his 2008 evaluation, Dr. Richardson discussed the findings he made in 2004 evaluation and noted areas of improvement and decline. *See* Tr. 762, 769. Because the 2008 evaluation sufficiently includes and encompasses the 2004 evaluation, it was unnecessary for the ALJ to separately consider the 2004 evaluation.

### C.    Mr. Smith's Testimony

Mr. Smith next argues that Judge Stewart failed to properly evaluate the ALJ's conclusions with respect to the credibility of Mr. Smith's testimony. Pl.'s Obj. at 9-11. The court agrees with Judge Stewart that the ALJ discredited Mr. Smith's testimony based on specific, clear, and convincing reasons. Among those reasons, the ALJ found that Mr. Smith's testimony was belied by his activities of daily living, conservative history of treatment, and medical treatment record. These are valid reasons to discount a claimant's testimony. *See generally* SSR 96-7p, 1996 WL 374186 *3 (ALJ should consider activities of daily living, medical treatment); *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007) (evidence of conservative treatment is sufficient to discount a claimant's testimony regarding severity of an impairment). The ALJ also

noted that Drs. Todd Lewis and Steven Bolgrin[5] both raised concerns about Mr. Smith's veracity. Tr. 23. Dr. Lewis described multiple episodes of "symptom magnification" and Dr. Bolgrin stated that there was "some evidence that Mr. Smith was actually lying and/or exaggerating about his emotional symptoms[.]" Tr. 381, 694. While Mr. Smith notes some evidence to suggest that he could not pursue more aggressive treatment of his symptoms because of financial concerns and medication side effects, the breadth of the other evidence cited by the ALJ adequately demonstrates that the ALJ properly discounted Mr. Smith's testimony. *See* Tr. 22-23.

In addition, Mr. Smith argues that the ALJ rejected Mr. Smith's testimony "in a general sense" and did not sufficiently identify what portions of Mr. Smith's testimony the ALJ found not credible. To the contrary, however, the ALJ focused on Mr. Smith's "allegation that he is incapable of all work activity[.]" Tr. 22. The ALJ also specifically addressed Mr. Smith's allegations regarding the severity of his injuries from a motor vehicle accident, Tr. 22, Mr. Smith's description of "significant pain," Tr. 22-23, and Mr. Smith complaints of depression, anxiety, and unpredictable emotional outbursts. Tr. 23. The court, therefore, rejects Mr. Smith's third objection.

### D.    Step Five Analysis

Finally, Mr. Smith argues that the ALJ failed to include functional limitations described by Drs. Rinehart, Richardson, and Puziss in the hypothetical questions posed to the VE. Mr. Smith's objections here, however, merely restate the objections Mr. Smith made to the ALJ's assessments of the medical evidence described in Mr. Smith's second objection. As

---

[5] Mr. Smith argues that the ALJ improperly relied on Dr. Bolgrin's evaluation because Dr. Bolgrin did not sign the report. Pl.'s Obj. at 10; *see* 20 C.F.R. § 404.1519o (in general, ALJ will not consider unsigned examination report). Mr. Smith is incorrect: Dr. Bolgrin electronically signed his report. Tr. 695.

explained above, the ALJ properly discounted the medical opinions of Drs. Rinehart and Richardson, but erred in failing to include the limitation on twisting the back stated by Dr. Puziss.

## CONCLUSION

The court **ADOPTS IN PART AND DECLINES TO ADOPT IN PART** Magistrate Judge Stewart's findings, Dkt. 21, as follows: The court adopts all of Judge Stewart's findings except the finding that the ALJ's omission of Dr. Puziss's limitation on twisting the back from the hypothetical question posed to the VE was harmless.

Accordingly, the Commissioner's decision is **REVERSED** and the case is **REMANDED**. On remand, the Commissioner should hold a new hearing to take additional testimony from a vocational expert. The Commissioner should include Dr. Puziss's limitation on twisting the back, as well as Mr. Smith's other functional limitations, in a hypothetical question to the VE.

IT IS SO ORDERED

Dated this 15th day of June, 2012.

/s/ Michael H. Simon
_____
Michael H. Simon
United States District Judge